UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>JESUS CHACON KEMP,<br><br>                                    Defendant. | Case No.: 3:23-MJ-03520-AHG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BOND RECONSIDERATION**<br><br>**[ECF No. 18]** |

   Before the Court is Defendant's Motion for Bond Reconsideration. ECF No. 18. At Defendant Jesus Chacon Kemp's ("Defendant") initial appearance on October 2, 2023, the Government moved to detain him based on serious risk of flight. ECF No. 11. After a hearing that day, the Court granted the Government's motion. ECF No. 7. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance. ECF No. 8. The Court found the following factors supported an order of detention: the nature and circumstances of the offense; history of violence or use of weapons; criminal history; violations of probation, parole, or supervised release; history of alcohol or substance abuse; and the weight of the evidence (although the least important factor). *Id.* The Court noted that Defendant's criminal history "reflects multiple failures to appear, often a short period of time after posting bail in state court, resulting in multiple revocations of probation." *Id.*

Defendant now seeks reconsideration of the Court's detention order. Defendant requests that the Court set pretrial release conditions, including a personal appearance bond in the amount of $20,000 secured by the signature of one financially responsible adult, and that Defendant be released directly to a residential treatment program. Defendant's girlfriend is willing to be his surety, and based on Defendant's proffer, she appears to have sufficient financial resources to serve as a surety. Defendant argues that conditions of pretrial release should be set based on additional information provided in the Motion regarding the availability of a qualified surety, Defendant's willingness to enter into residential substance abuse treatment, his strong ties to the community, and his ability to work while on bond.

Although the Government did not file a formal opposition to the Motion, it informed Defendant's counsel that it does oppose the Motion. ECF No. 18. Because the Court finds, as discussed below, that Defendant has not rebutted the presumption of detention applicable in this case, even considering the additional information provided in the Motion, there is no need to delay a ruling on the Motion by requiring a formal opposition from the Government.

The Government has charged Defendant with violating 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm, and 21 U.S.C. § 841(a)(1) for possession of a detectable amount of methamphetamine and fentanyl with intent to distribute. ECF No. 1. The maximum term of imprisonment for the charges under 21 U.S.C. § 841(a)(1) is twenty years. 21 U.S.C. § 841(b)(1)(C). Under the Bail Reform Act, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when a person is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in … the Controlled Substances Act (21 U.S.C. 801 et seq.) … ." 18 U.S.C. § 3142(e)(3). Thus, the Court begins with the presumption that Defendant should be detained.

The Court is not persuaded that the additional information provided by Defendant

rebuts the presumption of detention. Although the Court recognizes and appreciates the Defendant's girlfriend's willingness to support him during the pretrial process,[1] his willingness to enter into residential treatment, his strong ties to the community, and his ability to work while on bond, the Court does not find these additional facts sufficient to overcome the presumption. The Defendant's past convictions and probation revocations, as well as the nature and circumstances of the instant charges, weigh heavily in favor of detention.

Therefore, the Court **DENIES** Defendant's Motion for Bond Reconsideration.

**IT IS SO ORDERED.**

Dated:  October 16, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] The Court appreciates that Defendant's girlfriend was present in Court to support him at his initial appearance and recognizes her own success in becoming sober, maintaining her sobriety, and working in the community, as described in the Motion. The Court's denial of Defendant's request for a bond is not a reflection of her qualifications as a surety. Rather, the Court greatly respects those accomplishments.